# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JENNIFER ZANZIE,

    Plaintiff,

v.                               Case No. 10-C-633

BAC HOME LOANS SERVICING, L.P.,

    Defendant.

## ORDER

    Plaintiff Jennifer Zanzie, proceeding pro se, has filed a Complaint, along with a Petition for Temporary Injunction, naming as a defendant Bank of America Home Loans Servicing, LP, which apparently holds the mortgage on her residence. Zanzie seeks to enjoin a foreclosure sale of her home. The foreclosure proceeding is currently pending in Brown County Circuit Court and, according to the Wisconsin Circuit Court Access website, was scheduled for a hearing on a motion for a default judgment earlier this morning. In addition to asserting various claims against the defendant for fraud and the violation of various federal statutes governing mortgage and lending practices, Zanzie seeks a temporary restraining order enjoining the defendant from foreclosing on and selling her property. Zanzie has also filed a Motion to Proceed without Prepayment of Fees or Costs pursuant to 28 U.S.C. § 1915(a) on the ground that she is indigent and cannot afford the filing fee.

    Turning first to the issue of whether Zanzie should be allowed to proceed *in forma pauperis*, I conclude from her affidavit that she is indigent and has insufficient assets or income to pay the

filing fee. Accordingly, her motion is granted and she may proceed in this matter without prepayment of costs. As to the motion for temporary relief, I conclude that the petition and other filings fail to establish that she is entitled to such relief, at least at this point in time. Zanzie is a defendant in an action pending in the Circuit Court for Brown County. She has apparently defaulted in that action, but no judgment has yet been entered. Indeed, she appeared in that action personally and requested an adjournment of the hearing on a default judgment on June 18, 2010. It thus appears that Zanzie is perfectly capable of asserting any defense she has to the foreclosure action in that action itself. In the event a judgment of foreclosure is entered against her, she will have at least a six-month redemption period, and thus a sale of her property is not imminent. Under these circumstances, it would be improper for this Court to grant the immediate relief Zanzie has requested.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff's request for a temporary injunction or restraining order is denied.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in 28 C.F.R. §§ 0.114(a)(2), (a)(3)). Although Congress requires the court to order service by the U.S. Marshals Service, the U.S. Marshals Service fees are not considered court fees, and Congress has not made any provision for these fees to be waived by the court.

2

Plaintiff must provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action and keep the clerk advised of any change in her address. Failure to do so can result in dismissal of this action for failure to Fed. R. Civ. P. 41(b).

**SO ORDERED** this   29th   day of July, 2010.

                                                s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge