UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JENNIFER ZANZIE,

        Plaintiff,

  v.                                        Case No. 10-C-633

BAC HOME LOANS SERVICING, L.P.,

        Defendant.

**ORDER**

Defendant has filed a motion to dismiss the *pro se* complaint filed in this case, and Plaintiff has not responded to the motion. In a previous ruling, I denied the Plaintiff's motion for a temporary restraining order, through which she sought to put a halt to foreclosure proceedings then occurring in Brown County Circuit Court. My review of the complaint now causes me to conclude that it should be dismissed. Much of it appears to be a boilerplate recitation of the state of the national economy, the real estate industry, and the banking sector, and is based on a form which is found on certain internet web sites and elsewhere. Indeed, Plaintiff alleges that "the real culprit is the system itself, including the courts, for failure to strictly enforce the consumer protection laws." (Original Petition, pg. 2, lines 45-46.) A general and lengthy statement indicting essentially the entire banking industry does not suffice to meet the requirements of Rule 8, which mandates a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). That alone makes the complaint worthy of dismissal.

The complaint further states that Plaintiff will prove such things as: the Defendant has no standing to bring a foreclosure action; the Defendant defrauded the Plaintiff by converting the note into a security instrument; the loan contract (if it exists) was created by fraud, etc. Although these contentions appear to lack any specificity and are entirely conclusory, they are not properly raised in a federal action. A federal court lacks the authority to effectively overturn a state court judgment of foreclosure, and that is the essence of what the complaint requests. The complaint further asserts claims for relief for such things as emotional distress, but even if such claims were not specifically at issue in the state proceedings they are "inextricably intertwined" with them. *Taylor v. Federal Nat. Mortg. Ass'n,* 374 F.3d 529, 532 (7th Cir. 2004) (*Rooker-Feldman* doctrine prevents federal court from entertaining claims for injuries caused by a state court judgment or injuries that state court failed to remedy). The point is that if a homeowner has a defense to a foreclosure action, she must generally raise it in that action and appeal through the state process rather than start an independent federal lawsuit. Here, to the extent the complaint is intelligible, it is clear that it is a "de facto appeal of, or inextricably intertwined with, the state court's judgment of foreclosure." *Id.* at 536. As such, it must be dismissed.

For the reasons given above, the motion to dismiss is **GRANTED** and the complaint is **DISMISSED**.

**SO ORDERED** this   21st   day of October, 2010.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge